DECISION
Plaintiffs appeal concerning certain veteran's exemption matters for the two tax years 2008-09 and 2009-10. The property is identified in the Jackson County tax records as Account 30106458.
A case management conference was held on February 9, 2010. Plaintiffs participated on their own behalf. Jennifer Mayne and Scott Fraederick appeared for Defendant. Subsequently, written materials were filed; the record closed March 19, 2010.
 I. STATEMENT OF FACTS
Floyd Barnes (Barnes) is a disabled veteran. For the 2006-07 and 2007-08 tax years, he received a veteran's (partial) tax exemption on the manufactured structure in which he resided. It was located in Phoenix, Oregon at 300 Luman Road — Space #206. Plaintiffs sold that structure and ownership was transferred on June 30, 2008. (Def's Ltr at 2, Feb 10, 2010.) Concurrently, Plaintiffs purchased another home within the same subdivision. The prior exemption stayed in place on the sold property for the 2008-09 tax year. No exemption was extended to Plaintiffs at Space #189 for the 2008-09 and 2009-10 tax years.
The State of Oregon notified Defendant of the title transfer for the sold property. Defendant removed the exemption (on the prior home) for the 2009-10 tax year because of *Page 2 
that sale. Defendant's clerk was not notified that Plaintiffs had purchased another home (at Space #189) within that same subdivision. (Id. at 1.) The veteran's exemption was not automatically transferred. (Id.) Plaintiffs were unaware of any requirement to submit a new application for the successor homestead. (Compl at 2.) Defendant's representative stated she would have sent a new application at time of transfer had she known of Plaintiffs' purchase.
Plaintiffs first became aware of the situation upon receiving the 2009-10 tax statement. They contacted Defendant's clerk on October 21, 2009. (Def's Ltr at 1, Feb 10, 2010.) The clerk then mailed Plaintiffs an application for the current year which Barnes signed and returned. (Id.) The exemption has been granted on the new home at Space #189 for the 2010-11 tax year.
Remaining at issue is the interim 2008-09 and 2009-10 period during which the veteran's exemption was not received at Space #189.
 II. ANALYSIS
ORS 307.250[1] allows for exemptions for the property of certain veterans. Plaintiffs were certainly entitled to the first exemption at Space #206.
Upon the subsequent sale and new acquisition, a new application was due within 30 days after the date of acquisition. ORS 307.260(1). For tax year 2008-09, that date was July 30, 2008. For the 2009-10 tax year, the application due date was April 1, 2009. Plaintiffs admit they were not aware of that requirement. Plaintiffs did not timely apply.
Plaintiffs have the burden of proof and must establish their case by a "preponderance" of the evidence. See ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. of Revenue,4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his *Page 3 
burden of proof * * *." Reed v. Dept. of Rev.,310 Or 260, 265, 798 P2d 235 (1990). Plaintiffs in this case have not met that statutory requirement.
In this case, there is no error or omission by Defendant. It is unfortunate that Plaintiffs' real estate salesperson, title company, or another involved entity did not fully inform them of the legal conditions surrounding the existing veteran's exemption and the new property. It can be difficult for the average homeowner to be aware of the many requirements surrounding the tax and exemption laws. But this court is without authority to extend or otherwise ignore the mandatory filing requirements.
As stated, the exemption is in place for the 2010-11 tax year and beyond. To that, Plaintiffs are fully and rightfully entitled. However, as to the interim period immediately after the sale, the appeal must be denied.
 III. CONCLUSION
The required application was not timely submitted for the 2008-09 and 2009-10 tax years. Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this ___ day of May 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed. *Page 4 
 This Decision was signed by Magistrate Jeffrey S. Mattsonon May 5, 2010. The court filed and entered this Decisionon May 5, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1